# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CORNELL LEWIS EMANUEL,

    Petitioner,

v.                              Case No. 8:09-CV-1907-T-30TGW

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, a State of Florida inmate, filed a Petition for Writ of Habeas Corpus (hereinafter "petition") on September 16, 2009 (Dkt. 1).[1] On January 13, 2010, Respondent filed a response to the petition in which Respondent argues the petition is untimely and must be dismissed as time-barred (Dkt. 13).[2] After carefully examining Respondent's response/motion to dismiss, the record, and the applicable law, the Court concludes that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d).

---

[1] Although the Court received Petitioner's petition on September 17, 2009, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). It appears Petitioner placed his petition in the prison mailing system on September 16, 2009 (Dkt. 1 at 14).

[2] Petitioner has not filed a reply to the Respondent's response, even though the Court granted Petitioner the opportunity to do so (See Dkt. 5 at pg. 4). Petitioner was also advised that if Respondent incorporated a motion to dismiss the petition in the response, that the granting of the motion would result in dismissal of this case (Id. at pg. 3). *See Griffith v. Wainwright,* 772 F.2d 822 (11th Cir. 1985), and *Milburn v. United States*, 734 F.2d 762 (11th Cir. 1984), wherein the Court expressed concern about *pro se* litigants in summary judgment cases. Finally, Petitioner was cautioned that if he failed to file a response to a motion to dismiss within 20 days after it was filed, the motion would be taken under advisement and an Order entered thereon without further notice (Id. at pg. 4).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment became final on June 17, 1998, when the appellate court dismissed his appeal (See Respondent's Ex. 5). Unless the limitations period was tolled by a motion for collateral review, Petitioner had until June 17, 1999, to file his federal petition.

One hundred twenty-seven (127) days of the limitations period expired before Petitioner constructively filed a post-conviction motion on October 22, 1998 (See Respondent's Ex. 6). The limitations period remained tolled until December 8, 1999, when the Second District Court of Appeal issued its mandate after affirming the order denying his post-conviction motion (See Respondent's Ex. 10). Thereafter, three hundred ninety-five (395) additional days passed until Petitioner filed his motion to correct illegal sentence in the state trial court on January 6, 2001 (See Respondent's Ex. 11). The motion to correct illegal sentence, however, had no effect on the running of the AEDPA's limitations period as it was initiated well after the limitations period expired on August 3, 2000. *See Webster v. Moore*,

199 F.3d 1256, 1259 (11th Cir. 2000); *see also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001). Consequently, Petitioner's federal habeas petition is untimely.

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case, Petitioner appears to assert in his petition that he is entitled to equitable tolling because he "just recently learned of the one year statue [sic] of limitations contained in 28 U.S.C. 2244(d) when I went to the law library for this petition." (Dkt. 1 at pg. 13). However, ignorance of the law generally does not warrant the application of equitable tolling. *See Howell v. Crosby*, 415 F.3d 1250, 1252 (11th Cir. 2005) (refusing to apply equitable tolling where petitioner could not "establish his own due diligence in ascertaining the federal habeas filing deadline"); *see also Jones v. United States*, 304 F.3d 1035, 1044 (11th Cir. 2002) (recognizing that petitioner's claim of ignorance of the law was insufficient to justify equitable tolling where petitioner had filed an untimely motion to vacate his sentence pursuant to 28 U.S.C. § 2255). *See also Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000) ("[M]ere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling . . . .") (citations omitted). Petitioner has not shown that there were extraordinary circumstances that were both beyond his control and unavoidable with diligence. Therefore, he is not entitled to equitable tolling. Consequently, the petition must be dismissed as time-barred.

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus is **DISMISSED** as time-barred (Dkt. 1).

2. The **Clerk** shall terminate all pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on February 16, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner pro se
          Counsel of Record